**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 11 2003**

**PATRICK FISHER**
**Clerk**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RULON W. DAHL, TECH
MINERALS, INC., MARK R. DAHL,
PAULA KNIGHT, SCOT G. DAHL,
CAROLYN MATHER, DONNA M.
DAHL, and COMMERCIAL
INTERIORS CONSTRUCTION,

      Plaintiffs - Appellants,

v.

UNITED STATES OF AMERICA,

      Defendant - Appellee.

No. 01-4174

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH**
**(D.C. No. 2:01-CV-63-K)**

Stephen Kent Christiansen (Thomas W. Clawson, with him on the briefs), of
Van Cott, Bagley, Cornwall & McCarthy, Salt Lake City, Utah, for Plaintiffs-
Appellants.

Steve Frank, Attorney, Appellate Staff, Civil Division, Department of Justice,
Washington, D.C. (Robert D. McCallum, Jr., Assistant Attorney General, Paul M.
Warner, United States Attorney, Salt Lake City, Utah, and Leonard Schaitman,
Attorney, Appellate Staff, Civil Division, Department of Justice, Washington,
D.C., with him on the brief), for Defendant-Appellee.

Before **HARTZ**, **ALDISERT** * and **PORFILIO**, Circuit Judges.

_____

**HARTZ**, Circuit Judge.

_____

Plaintiffs brought suit against the United States under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2674, alleging that the United States Bureau of Land Management (BLM) wrongfully destroyed a stockpile of mineral ore on their mining claim. The district court dismissed their FTCA claim on the ground that they had failed to present the claim to the BLM within the two-year limitations period set forth in 28 U.S.C. § 2401(b). We have jurisdiction under 28 U.S.C. § 1291 and Fed. R. Civ. P. 54(b). We affirm, holding that the limitations period commenced to run when the BLM destroyed the stockpile, not when Plaintiffs discovered the damage.

Plaintiffs own interests in a placer mining claim, known as Black Diamond Claim # 1, on land owned by the United States and managed by the BLM. A placer claim is "[a] mining claim . . . where the minerals are not located in veins or lodes within rock, but are usu[ally] in softer ground near the earth's surface." Black's Law Dictionary 1010 (7th ed. 1999). The BLM is charged with ensuring the restoration of areas damaged in the process of mineral exploration or

_____

*The Honorable Ruggero J. Aldisert, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

-2-

extraction.  *See* 43 C.F.R. § 3809 (2002).  Such post-mining restoration is often referred to as "reclamation."  *See* § 3809.5.

This litigation arises out of the BLM's destruction of a stockpile of mineral ore on Black Diamond # 1.  The stockpile was a quarter-mile wide, 30 feet high, and contained many tons of material.  Plaintiffs contend that they used the stockpile to identify the areas of the claim that had been explored and those that would be most profitable to mine.  The stockpile was leveled during July 7 and 8, 1997, when, believing that Plaintiffs had abandoned their claim, the BLM "reclaimed" it.

None of the Plaintiffs had occasion to visit the claim until June 1998, nearly a year after the leveling, when Plaintiff Rulon Dahl (Dahl) traveled to the site.  To reach the stockpile, Dahl needed to drive about 100 miles from the laboratory where he examined ore samples.  He described the scene as follows:

> The stockpile was gone; the discovery area was gone;
> and an additional portion of the surrounding, adjoining
> hills was all pushed into a ravine. . . .  Not only had the
> BLM destroyed the stockpile and the discovery area and
> leveled the ground, it had also destroyed a road leading
> to the stockpile; filled an entire ravine with material;
> and created three new check dams.  The whole area was
> unrecognizable.

Aplt. App. at 159-60.

In May 2000, almost two years after Dahl's discovery, Plaintiffs filed an administrative complaint with the BLM.  They alleged that the United States,

-3-

through the BLM, had wrongfully destroyed their stockpile and was liable for the damage under the FTCA.

The BLM denied relief and Plaintiffs filed suit in district court on January 26, 2001. The district court ruled that Plaintiffs' claim accrued either when the stockpile was leveled or shortly thereafter, when they should have discovered the injury. Because Plaintiffs had failed to present their claim to the BLM within two years of its accrual, as required by 28 U.S.C. § 2401(b), the court dismissed the claim for lack of jurisdiction. The district court also dismissed without prejudice Plaintiffs' Fifth Amendment takings claim against the United States. Although claims against another defendant are still pending in district court, we have jurisdiction to hear this appeal because the district court entered an order certifying the FTCA decision as final and appealable. *See* Fed. R. Civ. P. 54(b).

Plaintiffs' appeal challenges (1) the district court's ruling that the injury-occurrence rule, instead of the discovery rule, governed the accrual of their FTCA cause of action, and (2) its finding that even under the discovery rule, their action accrued at the time of the injury (or shortly thereafter) because they knew or should have known at that time that the leveling had occurred. Agreeing with the district court's first ruling, we need not address its finding concerning application of the discovery rule.

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *Federal Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994). "Sovereign immunity is jurisdictional in nature." *Id.* Through the FTCA, the United States waived its immunity to suits "for money damages . . . for injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment . . . ." 28 U.S.C. §1346(b)(1). One condition of that waiver, however, is that "[a] tort claim . . . [must be] presented in writing to the appropriate Federal agency within two years after [it] accrues . . . ." 28 U.S.C. § 2401(b). Thus, if a litigant does not satisfy the timing requirement of § 2401(b), the district court must dismiss for lack of subject matter jurisdiction. *Casias v. United States*, 532 F.2d 1339, 1340 n.1 (10th Cir. 1976). The district court here found that Plaintiffs did not satisfy the FTCA's two-year limitation period and dismissed the case for lack of jurisdiction.

We review de novo a district court's dismissal for lack of subject matter jurisdiction, *King v. United States*, 301 F.3d 1270, 1273 (10th Cir. 2002), but the underlying factual determinations will not be disturbed unless clearly erroneous, *see Plaza Speedway Inc. v. United States*, 311 F.3d 1262, 1266 (10th Cir. 2002). In this case the relevant facts are undisputed. We need decide only whether, in light of those facts, the district court applied the correct accrual rule.

Plaintiffs contend that all FTCA claims are governed by the discovery rule, which provides that the limitations period begins "when the plaintiff knows or has reason to know of the existence and cause of the injury which is the basis of his action." *Matson v. Burlington N. Santa Fe R.R.*, 240 F.3d 1233, 1235 (10th Cir. 2001) (internal quotation marks omitted). The government argues that the discovery rule is applicable only in cases involving medical malpractice or other forms of hidden injury. In other cases, it contends, the traditional time-of-injury rule applies.

We recently set forth how to determine when an FTCA claim accrues. "[T]he general statute of limitations accrual rule in non-medical malpractice FTCA cases [is] the injury occurrence, and not the discovery rule." *Plaza Speedway*, 311 F.3d at 1267-68. The "proper approach" is to depart from the general rule only in "exceptional case[s] in which the plaintiffs *could not* have immediately known of [their] injur[ies]." *Id.* at 1268 (emphasis added).

We see no reason to depart from the general rule in this case. The destruction of a quarter-mile wide, 30-foot high stockpile of mineral ore is a manifest injury, whose cause could hardly have been a mystery. The injury was neither inherently unknowable, *see Barrett v. United States*, 689 F.2d 324, 327 (2d Cir. 1982), nor latent, *see Plaza Speedway*, 311 F.3d at 1267 (interpreting *United States v. Kubrick*, 444 U.S. 111 (1979)). Plaintiffs could have discovered

what had happened at any time after the leveling. To be sure, the area is somewhat remote, about 100 miles from Dahl's laboratory. But "[i]t is fair to charge a property owner with knowledge of what happens on his land," *Catellus Dev. Corp. v. United States*, 31 Fed. Cl. 399, 408 (1994), at least when the occurrence would be obvious upon inspection.

One should keep in mind that a claim does not have to be filed the moment the cause of action accrues. The FTCA gives tort claimants two years in which to notice the damage, consult an attorney, and prepare to file a claim. Thus, in this case Plaintiffs still had more than a year to present their claim after Dahl discovered the injury in June 1998. The rationale for the discovery rule is that it is unjust to commence the two-year period before it is possible for the plaintiff to learn of the cause of action. There is no injustice in adhering to the two-year limit when the cause of action, as here, is obvious.

We find support for our conclusion in *Catellus*. There, the Court of Federal Claims rejected the discovery rule in a takings case involving land "so remote that it [was] accessible only by helicopter or by a combination of off-road driving and hiking." 31 Fed. Cl. at 400. The court explained that the discovery rule should be applied only when the injury is "unknowable by its very essence, i.e., its existence at the critical moment simply cannot be ascertained." *Id.* at 407. "The fact that a plaintiff happens to be ignorant of a potential claim, whether because the plaintiff

was not diligent in monitoring its land or because observing the taking would exact a hardship on plaintiff in terms of money, manpower, time and effort, is not enough to [justify application of the discovery rule]." *Id.*

We hold that under the circumstances presented in this case, the discovery rule does not apply. In light of this holding, we need not address Plaintiffs' argument that under the discovery rule the action was timely filed. Plaintiffs' claim accrued no later than July 8, 1997, when the stockpile was leveled. Because the administrative claim was filed more than two years after that date, the district court correctly concluded that the action was untimely, and correctly dismissed for lack of subject matter jurisdiction.

We **AFFIRM** the judgment of the district court.