**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 11 2003**

**PATRICK FISHER**
Clerk

**PUBLISH**

# UNITED STATES COURT OF APPEALS
## TENH CIRCUIT

---

ROBERT N. HOERY,

       Plaintiff-Appellant,

v.

UNITED STATES OF AMERICA,

       Defendant-Appellee.

No. 01-1100

---

**Appeal from the United States District Court**
**for the District of Colorado**
**(D.C. No. 99-D-864)**

---

Kevin S. Hannon (Tearle W.T. Harlan, with him on the briefs) of The Hannon Law Firm LLC, Denver, Colorado, for Plaintiff-Appellant.

Henry T. Miller, Trial Attorney, Torts Branch, Civil Division, United States Department of Justice, Washington, D.C. (Stuart E. Schiffer, Acting Assistant Attorney General, United States Department of Justice, Washington, D.C.; Richard T. Spriggs, United States Attorney, and Gina Rodriguez, Civil Chief for Office of United States Attorney, Denver, Colorado; J. Patrick Glynn, Director, and David S. Fishback, Assistant Director, Torts Branch, Civil Division, United States Department of Justice, Washington, D.C., with him on the brief), for Defendant-Appellee.

---

Before **SEYMOUR**, **McKAY** and **MURPHY**, Circuit Judges.

---

**SEYMOUR**, Circuit Judge.

Robert N. Hoery sued the United States under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b)(1), 2671-80 (FTCA), seeking damages for alleged groundwater contamination on his property caused by the wrongful discharge of chemicals at Lowry Air Force Base in Colorado. The government moved to dismiss under FED. R. CIV. P. 12(b)(1) for lack of subject matter jurisdiction, contending Mr. Hoery had failed to file a timely administrative claim with the Air Force before bringing this action. The district court granted the motion. On appeal, we certified two questions of controlling state law to the Colorado Supreme Court. That court having now answered the questions, we reverse and remand for further proceedings.

# I

Defendant, the United States government, operated the Lowry Air Force Base at property located in the East Montclair neighborhood of Denver, Colorado, between the 1940s and September 1994. During this time, the government disposed of trichloroethylene (TCE) and other toxic chemicals on its property. These releases created plumes of toxic pollution underneath property extending several miles north of Lowry. The government stopped using Lowry as an active military base in September 1994 and deposited no new TCE onto the property after that time.

Mr. Hoery is a property owner who lives seven blocks north of Lowry within the area that is above the underground toxic plumes. In 1998, Mr. Hoery brought this action under the FTCA, asserting claims against the United States for, inter alia, negligence, continuing trespass and continuing nuisance. Mr. Hoery alleges that the government's releases of TCE were negligent and caused contamination of his property, including groundwater, soil, and a well. He presented evidence that TCE remains on his property unabated by the government and continues to enter the groundwater and soil, and that additional TCE continues to migrate onto his property. The damages he seeks include damages for diminution in property value and loss of the use of his well, interference with use and enjoyment of the property, and the cost of cleanup and restoration.

A two-year statute of limitations applies to FTCA claims. 28 U.S.C. § 2401(b). Because the FTCA is a waiver of sovereign immunity, timeliness is a prerequisite for subject matter jurisdiction. *Casias v. United States*, 532 F.2d 1339, 1340 (10th Cir. 1976). The district court granted the government's motion to dismiss all of Mr. Hoery's claims for lack of subject matter jurisdiction. The court first held that any permanent tort claims were time-barred because Mr. Hoery knew or should have known his property might be contaminated by TCE from Lowry as of May 1995. Mr. Hoery does not appeal that ruling. The court also held that Mr. Hoery failed to state a claim for continuing trespass or nuisance

under either federal or Colorado law, rejecting Mr. Hoery's assertion that he had a timely claim for a continuing wrong because the government failed to take remedial action to remove contaminated groundwater that continues to migrate onto and through his property. In this regard, the court held that the only "wrongful act" alleged by Mr. Hoery was the actual release of TCE by the government, and that no continuing tort was alleged because the government's direct acts ended as of September 1994. In so holding, the court ruled that neither migration of TCE to nor presence of TCE on Mr. Hoery's property after September 1994 constitutes a continuing trespass or nuisance under Colorado or federal law.

## II

Federal law governs the point at which a cause of action accrues under the FTCA. *Newcomb v. Ingle*, 827 F.2d 675, 678 (10th Cir. 1987) ("federal law controls questions relating to accrual of federal causes of action"). For permanent torts, the claim accrues the later of when the injury first occurs or when the plaintiff learned or should have learned of his injury and its cause. *See*, *e.g.*, *Kronisch v. United States*, 150 F.3d 112, 121 (2d Cir. 1998); *Arvayo v. United States*, 766 F.2d 1416, 1419 (10th Cir. 1985). For continuing torts, however, the claim continues to accrue as long as tortious conduct continues, although the

plaintiff's recovery is limited by the statute of limitations to the two-year period dating back from when the plaintiff's complaint was filed. *United States v. Hess*, 194 F.3d 1164, 1176-77 & n.12 (10th Cir. 1999); *see also Page v. United States*, 729 F.2d 818, 821 & n.23 (D.C. Cir. 1984) (limitations period begins to run as of the last tortious act alleged).

If Mr. Hoery presented continuing tort claims, therefore, those claims would continue to accrue for statute of limitations purposes and Mr. Hoery would be permitted to seek damages for two years prior to the date on which he filed his administrative complaint with the United States government. *See Hess*, 194 F.3d at 1177. Under the FTCA, the government is liable "in the same manner and to the same extent as a private individual under like circumstances," 28 U.S.C. § 2674, and "in accordance with the law of the place where the act or omission occurred," *id*. § 1346(b)(1). "Thus, we resolve questions of liability under the FTCA in accordance with the law of the state where the alleged tortious activity took place." *Franklin v. United States*, 992 F.2d 1492, 1495 (10th Cir. 1993).

Mr. Hoery contends he asserted continuing trespass and nuisance claims under Colorado law and the district court erred in ruling that the only wrongful conduct alleged was the government's direct act of releasing TCE on its property. Under his theory, the migration of chemicals to his property and their continued presence there are continuing wrongful acts because the government caused them

through its releases of TCE and should be responsible until it removes the chemicals. As wrongful acts that continue to cause harm, he asserts, the migration and presence of chemicals should be considered continuing torts.

After reviewing Colorado law, we determined that no Colorado case indicated how the Colorado Supreme Court would rule on the state law questions before us. We therefore abated these proceedings and certified the following state law questions to the Colorado Supreme Court.

1.  Does the continued migration of toxic chemicals from the government's property to plaintiff's property, allegedly caused by chemical releases by the government, constitute continuing trespass and/or nuisance under Colorado law?

2.  Does the ongoing presence of those toxic chemicals on plaintiff's property constitute continuing trespass and/or nuisance under Colorado law?

The Colorado Supreme Court has now issued an opinion answering both of the questions in the affirmative. *See In re Hoery v. United States*, 64 P.3d 214 (Colo. 2003). That court held that "Colorado law recognizes the concepts of continuing trespass and nuisance for those property invasions where a defendant fails to stop or remove continuing, harmful physical conditions that are wrongfully placed on a plaintiff's land." *Id.* at \*6 (publication page not yet available). The court rejected the government's position that the claims at issue

-6-

here cannot be continuing torts because any wrongful conduct ceased when the government stopped operating Lowry as a military base. The court instead agreed with those jurisdictions holding that "even if the condition causing the contamination has ceased, provided the contamination remains on the plaintiff's land, . . . the defendant remains liable for a continuing tort." *Id.* Accordingly, the court held that "the ongoing presence and continued migration of toxic chemicals originally emanating from Lowry constitute a continuing trespass and nuisance . . . ." *Id.* at *7.

**III**

Following the issuance of the Colorado Supreme Court's opinion, the government submitted supplemental authority calling our attention to two decisions issued by this court after oral argument in this case. The government argues that these cases are relevant to the disposition of this appeal and require that we not apply the Colorado Supreme Court's ruling. We disagree.

In *Plaza Speedway Inc. v. United States*, 311 F.3d 1262 (10th Cir. 2002), the operator of a dirt racetrack adjacent to an Army airfield in Kansas brought an action under the FTCA and the Comprehensive Environmental Response, Compensation and Liability Act (CERCLA), 42 U.S.C. §§ 9601 *et seq.*, contending the Army had contaminated the racetrack's groundwater and soil.

Significantly, there is no indication in that opinion that the plaintiff asserted a continuing tort theory under Kansas law. We instead addressed whether to apply a discovery rule that provides a claim does not accrue until the injured party knows of both the existence and the cause of the injury, rather than the general rule that a FTCA claim accrues at the time of the plaintiff's injury. Although we opted for the more generous discovery rule, the government asserts we also focused on Congressional intent that "the right to be free of stale claims in time comes to prevail over the right to prosecute them." *Id.* at 1267 (quoting *Arvayo*, 766 F.2d at 1418-19).

In addition, the government points to our opinion in *Dahl v. United States*, 319 F.3d 1226 (10th Cir. 2003), in which the plaintiffs sought recovery under the FTCA because the government had destroyed a stockpile of mineral ore on their mining claim. We found no reason to depart from the generally applicable injury rule, and we rejected plaintiffs' argument that all FTCA claims are governed by the discovery rule. *Id.* at 1229. As in *Plaza Speedway*, the plaintiff did not assert a continuing tort.

The government contends these cases support its argument that while a state may fashion its law so a plaintiff may avoid a statute of limitations by invoking a continuing tort theory, state law cannot be used to thwart the Congressional objective of a uniform statute of limitations applicable to FTCA

actions. As we have explained, however, the cases are inapposite because neither addresses accrual of a cause of action in the context of a continuing tort. Moreover, the government's position is flawed on two additional grounds. First, continuing torts do not avoid the statute of limitations; rather, such torts remain timely not because the limitation period is tolled but because the cause of action continues to accrue. Second, the government's argument reads out of the FTCA the requirement, set out in two separate sections, that the liability of the United States for tort damages is to be the same as that of private persons in like circumstances. *See* 28 U.S.C. § 2674 ("[t]he United States shall be liable . . . in the same manner and to the same extent as a private individual under like circumstances"); 28 U.S.C. § 1346(b)(1) (imposing tort liability on the United States "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred").

Congressional intent that stale claims be avoided is not frustrated when, under applicable state law, the wrongful conduct continues. We do not agree that this result is contrary to Congressional intent regarding the application of the limitation period in view of the incorporation of state substantive law into the FTCA and the corresponding inevitable range of factors relevant to accrual. Finally, the two-year statute of limitations does run uniformly on a continuing tort

because damages are recoverable for only the two years prior to the time the plaintiff files the required administrative complaint.

**IV**

The Colorado Supreme Court's opinion makes clear that Mr. Hoery has asserted continuing tort claims. Because his administrative complaint was timely filed with respect to those claims, the district court has subject matter jurisdiction over this FTCA action. Accordingly, we **REVERSE** the district court's dismissal of the action and **REMAND** for further proceedings.