**Herman LOGAN, Plaintiff,**

v.

**The UNITED STATES and U.S. Department of Labor Occupational Safety and Health Adm., et al., Defendants.**

No. 02–4181–JAR.

United States District Court,
D. Kansas.

July 17, 2003.

Herman Logan, Kansas City, MO, pro se.

David D. Plinsky, Office of U.S. Attorney, Topeka, KS, for Defendants.

### ORDER GRANTING MOTION TO DISMISS AND DENYING MOTION TO AMEND

ROBINSON, District Judge.

Defendants filed a Motion to Dismiss (Doc. 10) on January 31, 2003, to which Plaintiff filed a response (Doc. 13). Plaintiff filed a Motion to Amend Complaint (Doc. 15), to which Defendants have responded (Doc. 17). Because this action is virtually identical to an action previously dismissed on the merits, this Court dismisses this action under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, for lack of subject matter jurisdiction and failure to state a claim, and based on the statutes of limitation, the doctrine

of claim preclusion, and/or failure to administratively exhaust.

## Factual Background

█ The Court takes judicial notice [1] that Judge Rogers made the following pertinent findings of fact in his order of dismissal of Case No. 01–4126–RDR, a case in which Plaintiff raised virtually identical claims against these same defendants. In 1994, Plaintiff was a UPS truck driver and filed a complaint with the United States Department of Labor alleging wrongful termination in retaliation for protected activity. After an investigation of his complaint, Plaintiff's complaint was dismissed based on lack of merit on September 25, 1995. Plaintiff appealed and on September 4, 1996, an administrative law judge issued a written decision that UPS had legitimate reasons to terminate Plaintiff. On December 19, 1996, the Department of Labor's Administrative Review Board issued a final decision and order of dismissal of Plaintiff's complaint. In December 1997, Plaintiff submitted a letter to OSHA requesting a copy of the OSHA investigative file pursuant to the Freedom of Information Act and the Privacy Act. OSHA responded to this request on January 14, 1998, with a partial disclosure of his file.

## Procedural History

The Court takes judicial notice that in 1997, Plaintiff filed an employment discrimination action in this Court, styled *Logan v. United Parcel Service*, Case No. 97–4059–GTV. Plaintiff and his employer settled the lawsuit; and on March 5, 1998, Judge Van Bebber entered an order dismissing the action with prejudice.

The Court further takes judicial notice that in 2001, Plaintiff filed an action in this Court, styled *Logan v. U.S. Department of Labor, Occupational Safety & Health Administration,* Case No. 01–4126–RDR. In that action, Plaintiff raised a number of claims: *Bivens* constitutional tort claims that he had been denied freedom of speech, and denied his right to the "endeavor of life, liberty and the pursuit of happiness"; that various other federal, state and local violations had been committed against him; common law tort claims of negligence, defamation and slander; claims under the Freedom of Information Act; claims under the Privacy Act; claims that OSHA had withheld information and tainted its investigation of Plaintiff's complaint, all of which altered the outcome of Plaintiff's lawsuit against UPS; claims that OSHA had engaged in a conspiracy to conceal its errors; and that OSHA had caused Plaintiff's termination from UPS.

The Court takes judicial notice that in an order entered on January 29, 2002, Judge Rogers dismissed Case No. 01–4126–RDR on the following grounds: (1) lack of subject matter jurisdiction of Plaintiff's tort claims, which were not brought under the Federal Tort Claims Act, and which had not been administratively exhausted; and (2) lack of jurisdiction of the *Bivens* constitutional tort claims, which cannot be brought against an agency of the United States.

After this case was dismissed by Judge Rogers, Plaintiff did not file a motion under Rules 58, 59 or 60 of the Federal Rules of Civil Procedure and did not file a notice of appeal. On November 8, 2002, Plaintiff, acting pro se, commenced this action by filing a "Petition to file Suit" on November 8, 2002. In his petition, Plaintiff states that this is a "refile" of a prior suit, now

---

1. The Court may take judicial notice of its own files and records, matters of public record, as well as the passage of time. *Fed. R.Evid.* 201; *Van Woudenberg ex rel. Foor v. Gibson,* 211 F.3d 560, 568 (10th Cir.2000), *abrogated on other grounds McGregor v. Gibson,* 248 F.3d 946 (10th Cir.2001); *United States v. Estep,* 760 F.2d 1060, 1063 (10th Cir.1985).

that Plaintiff "has gone through the necessary measure to attain administrative remedies."

■ Because Plaintiff appears pro se, the Court must remain mindful of additional considerations. A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than pleadings drafted by lawyers.[2] Thus, if a pro se plaintiff's complaint can reasonably be read "to state a valid claim on which the plaintiff could prevail, it [the court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."[3] However, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant."[4] For that reason, the court should not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues,"[5] nor should it "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf."[6]

## Discussion

Defendants raise a host of grounds for their motion to dismiss, including: lack of subject matter jurisdiction and failure to state a claim; statute of limitations; the doctrine of claim preclusion; sovereign immunity; and failure to administratively exhaust.

■ This virtually identical action is Plaintiff's attempt to take the proverbial second bite of the apple. The doctrine of res judicata or claim preclusion prevents a party from relitigating issues that have been determined in a prior action. The doctrine of claim preclusion applies when there has been a final judgment on the merits in an earlier action in which the parties or their privies were identical and the causes of action were identical.[7] Judge Rogers rendered a final judgment on Plaintiff's *Bivens*[8] constitutional torts claims, dismissing them for failure to state a claim in that such claims cannot be brought against a government agency.[9] In this action Plaintiff again asserts constitutional tort claims against the defendant government agency. These claims are barred by the doctrine of claim preclusion, and for failure to state a claim. In addition, even if Plaintiff had properly filed this action against individuals rather than against the agency, this action would be barred by the statute of limitations. Bivens actions are subject to the general personal injury statute of the state where the action arose.[10] In Kansas, the statute of limitations for such claims is two years.[11]

2. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991) (citations omitted).

3. *Id.*

4. *Id.*

5. *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir.1991).

6. *Whitney v. State of N.M.*, 113 F.3d 1170, 1173–74 (10th Cir.1997) (citation omitted).

7. *Wilkes v. Wyoming Dept. of Employment Div. of Labor Standards*, 314 F.3d 501, 503–04 (10th Cir.2002) (citations omitted).

8. *Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

9. *See FDIC v. Meyer*, 510 U.S. 471, 486, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994) (Bivens constitutional tort claims are not actionable directly against agencies of the United States).

10. *Industrial Constructors Corp. v. U.S. Bureau of Reclamation*, 15 F.3d 963, 968 (10th Cir.1994).

11. K.S.A. 60–513.

In this action, Plaintiff again raises common law tort claims of defamation, slander and negligence. Judge Rogers rendered a final judgment on Plaintiff's common law tort claims for lack of jurisdiction, finding that such claims were actionable, if at all, under the Federal Tort Claims Act, but that Plaintiff had not brought the claims under the Federal Tort Claims Act nor satisfied its administrative remedies. In this action, however, Plaintiff claims that he has now administratively exhausted his remedies, referencing a tort claim he filed with the Office of Solicitor, Department of Labor, on February 5, 2002. But, Plaintiff has failed to comply with the requirements of the Federal Tort Claims Act and the Court lacks subject matter jurisdiction of his claims.

██ Generally, the United States and its agencies are shielded from suits, absent a waiver of sovereign immunity, which is jurisdictional.[12] In the Federal Tort Claims Act, the United States waived its immunity to suits "for money damages ... for injury or loss of property ... caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment ...."[13] But, this waiver of sovereign immunity is conditioned on the claimant filing a timely tort claim in writing, with the appropriate agency, within two years after the claim accrues.[14] If the tort claim is not filed with the agency within two years of its accrual, the court has no subject matter jurisdiction under the Federal Tort Claims Act.[15] If the claimant fails to timely file its tort claim, the court must dismiss the claim and the tort claim is "forever barred" from filing.[16]

Here, Plaintiff's tort claims of negligence, defamation and slander, arise out of OSHA's investigation into a complaint filed by Plaintiff in 1994. After OSHA denied and dismissed Plaintiff's complaint, in 1997 he filed an action for employment discrimination. In 1997 he also requested, under the Privacy Act and the Freedom of Information Act, OSHA's investigative file. OSHA complied with his request on January 14, 1998, with a partial disclosure of his file. As of January 14, 1998, Plaintiff knew that OSHA had disclosed what it would disclose, and would be providing no further information from its files.

 The two year limitations period for a tort claim under the Federal Tort Claims Act runs from the date that the claim "accrued." When a claim accrues under the Federal Tort Claims Act is a matter of federal law.[17] Absent exceptional circumstances, in a non-medical malpractice case, the claim accrues at the time of the injury, not at the time claimant discovers the injury.[18] Here, Plaintiff's injury arose in 1994 and 1995, when OSHA was conducting its investigation. Yet, he did not file a tort claim until 2002, some

12. *Dahl v. U.S.*, 319 F.3d 1226, 1228 (10th Cir.2003) (citing *Federal Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994)).

13. 28 U.S.C. § 1346(b)(1).

14. 28 U.S.C. § 2401(b).

15. *Dahl*, 319 F.3d at 1228; *Casias v. United States*, 532 F.2d 1339, 1340 (10th Cir.1976).

16. *Haceesa v. U.S.*, 309 F.3d 722, 733 (10th Cir.2002).

17. *Hoery v. U.S.*, 324 F.3d 1220, 1222 (10th Cir.2003).

18. *Dahl*, 319 F.3d at 1229 (citing *Plaza Speedway Inc. v. United States*, 311 F.3d 1262, 1267–68 (10th Cir.2002) (such exceptional circumstances may include where plaintiff could not have immediately known of injury because injury is "inherently unknowable," or latent)).

seven to eight years later. Even if the discovery rule of accrual applied to this case, Plaintiff's tort claim would clearly be out of time. By 1997, when he requested information from OSHA and was advised that OSHA had disclosed all information it had in its possession, Plaintiff was aware of what information was in OSHA's file. At that point his claims of withholding information, concealment of errors during the investigation, defamation, slander and negligence had accrued. Plaintiff's tort claim, filed five years later, is out of time. Thus, the Court must dismiss his claim under the Federal Tort Claims Act.

Moreover, because Plaintiff's claims of defamation and slander are not actionable under the Federal Tort Claims Act,[19] the Court lacks subject matter jurisdiction of common law torts unless diversity jurisdiction applies. Plaintiff does not allege or show diversity jurisdiction. And, even if Plaintiff made such a showing, these claims would be barred by the one year statute of limitations for such claims under K.S.A. 60–514(a).[20]

Finally, although Judge Rogers did not discuss his dismissal of Plaintiff's claims under the Privacy Act[21] and Freedom of Information Act,[22] the Court finds that those claims are not actionable, were properly dismissed, and should again be dismissed. Any action under the Privacy Act must be brought within two years from the date on which the cause of action arose; and this requirement is jurisdictional.[23] Because Plaintiff's Privacy Act claim is based on OSHA's delay in providing records, or incomplete disclosure, this claim arose in January 1998, when OSHA disclosed the records to Plaintiff. The Court has no subject matter jurisdiction of Plaintiff's claim under the Freedom of Information Act because that statute does not provide a private right of action for money damages.[24] Moreover, injunctive relief would not lie because on January 14, 1998, OSHA complied with Plaintiff's FOIA request.

Because of the glaring jurisdictional defects, the doctrine of claim preclusion and the bar of the statutes of limitation, this action must be dismissed. Plaintiff's motion to amend complaint is denied. None of the fatal deficiencies addressed in this opinion can be cured with an amended complaint.[25]

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss (Doc. 10) is GRANTED.

---

19. Claims for defamation and slander are not actionable under the Federal Tort Claims Act. Slander and libel claims are expressly excepted from the scope of the FTCA in 28 U.S.C. § 2680(h); and defamation claims are construed as barred as well. *Aviles v. Lutz*, 887 F.2d 1046 (10th Cir.1989); *Cooper v. American Auto. Ins. Co.*, 978 F.2d 602, 613 (10th Cir.1992).

20. *Hobson v. Coastal Corp.*, 962 F.Supp. 1407, 1411 (D.Kan.1997); *McKown v. Dun & Bradstreet, Inc.*, 744 F.Supp. 1046, 1049 (D.Kan. 1990); *Taylor v. International Union of Electronic, Elec., Salaried, Mach. and Furniture Workers*, 25 Kan.App.2d 671, 968 P.2d 685 (1998).

21. 5 U.S.C. § 552a.

22. 5 U.S.C. § 552 et seq.

23. *Harrell v. Fleming*, 285 F.3d 1292, 1293 (10th Cir.2002), *cert. denied*, 537 U.S. 1057, 123 S.Ct. 631, 154 L.Ed.2d 537 (2002).

24. *Scherer v. U.S.*, 241 F.Supp.2d 1270, 1277 (D.Kan.2003).

25. *Gohier v. Enright*, 186 F.3d 1216, 1218 (10th Cir.1999) (finding that a proposed amendment is futile if the complaint, as amended, would be subject to dismissal).

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend (Doc. 15) is DENIED.

IT IS SO ORDERED.