F I L E D
United States Court of Appeals
Tenth Circuit

**AUG 19 2003**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

LAURENCE EUSTELLE WOLFF,

Plaintiff - Appellant,

v.

UNITED STATES OF AMERICA,

Defendant - Appellee.

No. 02-8115
(D.C. No. 02-CV-89-D)
(D. Wyoming)

---

ORDER AND JUDGMENT  *

---

Before **TACHA**, Chief Judge,  **BRORBY**, Senior Circuit Judge, and   **HARTZ**, Circuit Judge.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Lawrence E. Wolff brought this action in Wyoming state court in an effort to challenge the validity of federal tax assessments and resulting liens.

---

*    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

The government removed the action to federal court pursuant to 28 U.S.C. § 1441(a) and the district court dismissed the action based on the doctrine of sovereign immunity. We exercise jurisdiction over Mr. Wolff's appeal pursuant to 28 U.S.C. § 1291, and we affirm.

## BACKGROUND

Employees of the Internal Revenue Service filed five notices of federal tax liens against Mr. Wolff in the Campbell County, Wyoming, clerk's office, based on assessed income-tax liabilities for the years 1988 through 1995 totaling $290,830. In response, Mr. Wolff filed an action in Wyoming state court against the United States Secretary of the Treasury and an IRS revenue officer. The complaint challenged (1) the scope of authority of the "lienor;" (2) whether the persons signing the federal liens had authority to sign the liens; (3) the legality of the underlying tax assessments; (4) the validity of the liens; (5) the legal effect of the tax liens; (6) whether the liens should be canceled of record; and (7) whether a writ of execution should issue against the "lienor." Also included in the complaint was a "criminal portion" asking the court to determine that the liens were fraudulent and that participants in the fraud should be criminally prosecuted. Though Mr. Wolff has no connection with Florida, he relied on Florida law for remedial relief because he felt that Wyoming law was inadequate.

The government timely removed the case to federal district court. Following a determination that the United States was the sole proper defendant, the district court denied Mr. Wolff's remand motion and dismissed the complaint. In its order, the court thoroughly explained that the federal government may be sued only if it has waived its sovereign immunity, *Dahl v. United States*, 319 F.3d 1226, 1228 (10th Cir. 2003), and that, in particular, federal tax assessments and liens may be attacked only through statutorily-prescribed administrative and judicial avenues, *see Lonsdale v. United States*, 919 F.2d 1440, 1444 (10th Cir. 1990).

Because Mr. Wolff's case did not fit within a statutory waiver, the district court granted the government's motion to dismiss, ruling that the government was shielded by sovereign immunity and therefore the court lacked subject matter jurisdiction. It also denied Mr. Wolff's renewed motion to remand the case to state court and his petition for declaratory relief. Later, the court denied a motion to vacate its order and remand the case. Mr. Wolff appealed.

## DISCUSSION

On appeal, Mr. Wolff argues that only the Wyoming state court has authority to hear his claims and that the district court was required to remand the action to state court. "This court has jurisdiction over a denial of a motion to remand to state court when coupled with the appeal of a final judgment."

-3-

*Huffman v. Saul Holdings Ltd. P'ship,* 194 F.3d 1072, 1076 (10th Cir. 1999) (quotation omitted). "We review a denial of a motion to remand a claim for lack of removal jurisdiction *de novo*." *Garley v. Sandia Corp.*, 236 F.3d 1200, 1207 (10th Cir. 2001).

By statute, "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States [is] removable. . . ." 28 U.S.C. § 1441(b). "The district courts . . . have original jurisdiction of any civil action arising under any Act of Congress providing for internal revenue." 28 U.S.C. § 1340. Further, the United States may remove any action in which it is sued "for . . . the collection of the revenue." 28 U.S.C. § 1442(a)(1). Mr. Wolff's lawsuit is against the United States and it turns on the impact of federal tax laws on his property. The district court properly determined that the action was removable to federal court. Therefore, Mr. Wolff's first argument is totally without merit.

Mr. Wolff also contends that the district court erred by not remanding the case to state court pursuant to 28 U.S.C. § 1447(c).[1] This contention is misplaced. Unequivocally, sovereign immunity shields the federal government from suit in state courts. *See Int'l Primate Prot. League v. Adm'rs of Tulane*

---

[1] Section 1447(c) provides, in pertinent part, that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

*Educ. Fund*, 500 U.S. 72, 85-86 (1991); *see also Fent v. Okla*. *Water Res. Bd.*, 235 F.3d 553, 557, 559 (10th Cir. 2000) (affirming denial of plaintiff's motion for remand and subsequent dismissal of the United States from suit, but requiring a remand of claims against state defendants asserting that an action against them would be futile without the presence of the United States).

The United States may not be subjected to Mr. Wolff's action in Wyoming state court. We decline to waste further judicial resources by requiring the district court to remand Mr. Wolff's case to the Wyoming state court, which would inevitably dismiss the matter for lack of jurisdiction. The United States need not prove its entitlement to sovereign immunity twice. The district court's judgment is AFFIRMED; the "Petition for Declaratory Relief" is DENIED. The mandate shall issue forthwith.

Entered for the Court

Wade Brorby
Senior Circuit Judge