FILED
United States Court of Appeals
Tenth Circuit

May 21, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

CESAR ANTONIO SALAS;
JUANA SALAS DURON,

        Plaintiffs-Appellants,

v.

UNITED STATES OF AMERICA,

        Defendant-Appellee.

No. 12-1454
(D.C. No. 1:11-CV-00784-CMA-KMT)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **KELLY**, Circuit Judge, **PORFILIO**, Senior Circuit Judge, and **HOLMES**, Circuit Judge.

_____

Cesar Antonio Salas and his mother, Juana Salas Duron, appeal from the district court's dismissal of their Second Amended Complaint in part for lack of jurisdiction and in part for failure to state a claim for relief. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm in part, vacate in part, and remand with

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

instructions to dismiss Ms. Duron's claim for negligent infliction of emotional distress in part for lack of jurisdiction and in part for failure to state a claim.

## I.    BACKGROUND

We draw the facts largely from the Second Amended Complaint, which was the operative district-court pleading. Mr. Salas is a United States citizen who suffers from epilepsy and diminished cognitive ability. In May 2001, he took a trip to Mexico. When he attempted to return to the United States, he was refused entry at the border in Arizona and deported to Mexico. The same thing occurred in July 2007. On that occasion, Mr. Salas wandered homeless and without money in Mexico for a period of weeks, suffering a series of hardships (including being beaten, robbed, and kidnapped), until his mother, Ms. Duron, was able to locate him and effect his return to the United States.

On March 1, 2008, Mr. Salas again attempted to return to the United States from a trip to Mexico, this time at the Texas-Mexico border. He was detained at the El Paso county jail and charged with unlawful re-entry. While he was held, the United States Bureau of Immigration and Customs Enforcement (ICE) placed a detainer on him. The criminal charge was dismissed on March 14, 2008, and ICE then took him into custody and initiated removal proceedings. On March 31, 2008, the removal proceedings were terminated upon proof that Mr. Salas was a United States citizen. ICE then released Mr. Salas in El Paso, Texas, despite his attorney's request that ICE continue to hold him until Ms. Duron, who had traveled from her

home in Colorado to Los Angeles to retrieve a copy of her son's birth certificate, could arrive in Texas. Mr. Salas spent several hours wandering in El Paso until his mother could locate him.

Some two years later, on March 26, 2010, each plaintiff filed a claim with the Department of Homeland Security (DHS) pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671-2680. DHS denied those claims.

On March 28, 2011, plaintiffs filed the instant action against the United States, raising two claims in their Second Amended Complaint. In the first claim, Mr. Salas alleged that the United States was negligent in investigating his citizenship on each of the three occasions he was deported or detained. In the second claim, Ms. Duron sought damages for the negligent infliction of emotional distress (NIED) arising from the allegedly negligent treatment of Mr. Salas.

The United States moved to dismiss the Second Amended Complaint under Fed. R. Civ. P. 12(b)(1) and 12(b)(6), advancing a number of theories. Plaintiffs opposed the motion and moved to convert it to one for summary judgment. The district court denied the conversion motion, limited its review to the Second Amended Complaint and evidence referenced in it, and granted the motion to dismiss.

The district court first concluded that it lacked jurisdiction over the negligent-investigation claim because Mr. Salas filed his FTCA claim with the DHS on March 26, 2010, more than two years after it accrued, and "[a] tort claim against

the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues." 28 U.S.C. § 2401(b); *see also Dahl v. United States*, 319 F.3d 1226, 1228 (10th Cir. 2003) (explaining that a district court must dismiss an action for lack of subject matter jurisdiction if a plaintiff fails to comply with § 2401(b)'s two-year time limit for presenting a claim to the appropriate federal agency). Mr. Salas had argued that his negligent-investigation claim involved a continuing tort that began when he was first deported to Mexico in 2001 and only accrued when he was released from ICE custody on March 31, 2008, thereby rendering his DHS claim timely under § 2401(b).

The district court rejected this contention. First, the court noted that plaintiffs had not alleged any tortious conduct related to negligent investigation that occurred after March 25, 2008, which might have made the DHS claim timely. Second, the court concluded that each of the three occasions when Mr. Salas was deported or detained was a separately actionable claim, not a continuing tort, under applicable state law, which governs "whether a tort is characterized as permanent or continuous," *Cannon v. United States*, 338 F.3d 1183, 1192 (10th Cir. 2003). The court held that, under Texas law, the continuing-tort theory only applies where no single incident "can fairly or realistically be identified as the cause of significant harm." *Twyman v. Twyman*, 790 S.W.2d 819, 821 (Tex. App. 1990) (internal quotation marks omitted), *reversed on other grounds*, 855 S.W.2d 619 (Tex. 1993).

- 4 -

It also relied on *Dowling v. Arpaio*, No. 09-1401, 2011 WL 843942, at \*4 (D. Ariz. Mar. 8, 2011) (unpublished), for the proposition that, under Arizona law, negligence is not a continuing tort. *See* Aplt. App. at 110 n.5.

Third, the court found no authority for Mr. Salas's proposition that investigatory errors made during his first erroneous deportation led to the 2007 and 2008 incidents, but instead concluded that any continuing adverse effects from an initial tort do not establish a continuing tort. *See id.* at 110.

Fourth, the court observed that even if the three instances of allegedly negligent investigation were part of a continuous tort, plaintiffs could recover damages "'for [only] the two years prior to the time they filed their required administrative complaint.'" *Id.* (brackets omitted) (quoting *Hoery v. United States*, 324 F.3d 1220, 1224 (10th Cir. 2003)).

The district court also rejected Mr. Salas's argument that his claim accrued when he discovered he had been injured, not when he was injured, on the ground that the discovery rule applies only to medical malpractice claims. *See id.* (citing and quoting *Kynaston v. United States*, 717 F.2d 506, 508 (10th Cir. 1983), for the proposition that, "[u]nder the FTCA a cause of action accrues at the time the plaintiff is injured, or, in a medical malpractice action, when the plaintiff has discovered both its injury and its cause"). The court further refused Mr. Salas's plea for equitable tolling due to his mental disabilities because "[e]quitable considerations do not toll

the limitations period in 28 U.S.C. § 2401(b)."  Aplt. App. at 110 (citing *Anderberg v. United States*, 718 F.2d 976, 977 (10th Cir. 1983)).

The district court then turned to Ms. Duron's NIED claim, which it read as limited to emotional distress arising from Mr. Salas's release in El Paso in 2008.  The court dismissed it for failure to state a claim, concluding that it could not succeed under the FTCA because "'there is no general duty in Texas not to negligently inflict emotional distress.'"  *Id.* at 111 (quoting *Boyles v. Kerr*, 855 S.W.2d 593, 594 (Tex. 1993)).

Finally, the court denied plaintiffs' motion for leave to amend because the deficiencies in their claims could not be cured by amendment.  This appeal followed.

## II.    DISCUSSION

Having reviewed the parties' briefs, the record, and the controlling law, and bearing in mind that we review dismissals under Rules 12(b)(1) and 12(b)(6) de novo, *Colo. Envtl. Coal. v. Wenker*, 353 F.3d 1221, 1227 (10th Cir. 2004), we affirm the district court's judgment on the negligent-investigation claim for substantially the same reasons stated in its Order Granting Defendant's Motion to Dismiss filed September 18, 2012.[1]  We also agree with the district court that

---

[1]     Plaintiffs argue that the district court was required to convert the motion to dismiss into one for summary judgment, but they did not include their motion for conversion and the ensuing briefs in their appendix.  Therefore, they have not provided an adequate record for appellate review of this issue, *see* 10th Cir. R. 10.3(D)(2), 30.1(A), and we are "not obligated to remedy . . . failures by counsel
(continued)

Ms. Duron failed to state a claim for NIED, but only in part. The NIED claim also fails in part for lack of subject matter jurisdiction, which we must consider before merits issues. *See Franklin Sav. Corp. v. United States (In re Franklin Sav. Corp.)*, 385 F.3d 1279, 1286 & n.6 (10th Cir. 2004) (observing that "[j]urisdictional issues must be addressed first" and that we are "under a continuing obligation to examine . . . the jurisdiction of the district court" (internal quotation marks omitted)).

The United States argues on appeal, as it did in its motion to dismiss, that Ms. Duron failed to exhaust her NIED claim before the DHS. The United States contends that the claim she filed with the DHS referenced Mr. Salas's deportations in 2001 and 2007 but not ICE's release of her son in El Paso in 2008. It then reads Ms. Duron's judicial claim as limited to emotional distress arising from the March 31, 2008 release of Mr. Salas in El Paso and contends that the failure to adequately set forth any facts regarding that release in her DHS claim means the judicial NIED claim was not exhausted and therefore the district court lacked jurisdiction over it.

We disagree that the Second Amended Complaint alleged a NIED claim limited to distress arising from the 2008 release of Mr. Salas in El Paso. It also alleged distress arising from his 2001 and 2007 deportations and from his detention in March 2008. Ms. Duron's DHS claim referenced all of these bases *except for*

to designate an adequate record," *Burnett v. Sw. Bell Tel., L.P.*, 555 F.3d 906, 910 (10th Cir. 2009). Accordingly, we decline to consider the argument. *See id.*

distress arising from Mr. Salas's release in El Paso. Thus, to the extent Ms. Duron's NIED claim is based on alleged emotional distress she suffered as a result of ICE's release of Mr. Salas in El Paso on March 31, 2008, the district court lacked jurisdiction because she did not present that basis of her claim to the DHS. *See Estate of Trentadue ex rel. Aguilar v. United States*, 397 F.3d 840, 852 (10th Cir. 2005) (discussing FTCA's jurisdictional notice requirements, including "a written statement sufficiently describing the injury to enable the agency to begin its own investigation" (internal quotation marks omitted)).

Moreover, for the same reasons that Mr. Salas's claim is not a continuing tort, so too is Ms. Duron's NIED claim not a continuing tort. At least four NIED claims accrued separately: the first in 2001; the second in 2007; the third when Ms. Duron learned of her son's March 2008 detention and began efforts to obtain his birth certificate in California and travel to El Paso; and the fourth on March 31, 2008, when Mr. Salas was released in El Paso prior to Ms. Duron's arrival there. Hence, Ms. Duron's DHS claim, filed March 26, 2010, was untimely as to her NIED claims that accrued in 2001 and 2007. Consequently, the district court lacked jurisdiction over them. *See Dahl*, 319 F.3d at 1228 (two-year time limit set forth in 28 U.S.C. § 2401(b) is jurisdictional). The DHS claim was also untimely to the extent a NIED claim arose from her son's March 2008 detention and accrued more than two years prior to March 26, 2010. But because the precise date of that accrual is uncertain, we hold that the NIED claim arising from Mr. Salas's March 2008 detention (as

- 8 -

opposed to his release from detention) fails to state a claim upon which relief can be granted because Texas law does not recognize a NIED cause of action. *See Boyles*, 855 S.W.2d at 594.

## III.    CONCLUSION

The judgment of the district court is affirmed as to the dismissal of the negligent-investigation claim for lack of subject matter jurisdiction. We vacate that portion of the judgment dismissing the NIED claim for failure to state a claim upon which relief can be granted, and we remand the case for the limited purpose of dismissing the NIED claim in part for lack of jurisdiction and in part for failure to state a claim for relief, as set forth above. We deny appellants' Motion in Conformity with F.R.A.P. 27.1, which asks us "to certify the question as to the status of the theory of continuing tort to the Texas Supreme Court." Mot. at 3.

Entered for the Court


John C. Porfilio
Senior Circuit Judge