**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 3 2003**

**PATRICK FISHER**
**Clerk**

PUBLISH

## UNITED STATES COURT OF APPEALS

### TENTH CIRCUIT

_____

DEBBIE LAFLEUR, for herself and
SARAH M. GANN, a minor, by and
through her Guardian Ad Litem,
DEBBIE LAFLEUR,

        Plaintiffs-Appellants,

v.

TEEN HELP, a partnership;
WORLDWIDE ASSOCIATION OF
SPECIALTY PROGRAMS, a
corporation; RESOURCE
REALIZATIONS, a corporation;
R&B BILLING, a corporation;
DIXIE CONTRACT SERVICES, a
corporation; TEEN ESCORT
SERVICES, a corporation; ROBERT
B. LICHFIELD; KARR
FARNSWORTH; BRENT M.
FACER; JAY KAY; DAVID
GILGREASE,

        Defendants-Appellees.

_____

STANLEY GOOLD, III; STANLEY
GOOLD, JR.,

        Plaintiffs-Appellants,

v.

No. 02-4160
(D.C. No. 2:00-CV-85-ST)
(D. Utah)

No. 02-4161
(D.C. No. 2:98-CV-832-K)
(D. Utah)

TEEN HELP, a partnership; PARADISE COVE; WORLDWIDE ASSOCIATION OF SPECIALTY PROGRAMS, a corporation; RESOURCE REALIZATIONS, a corporation; R&B BILLING, a corporation; DIXIE CONTRACT SERVICES, a corporation; TEEN ESCORT SERVICES, a corporation; BRIAN VIAFANUA; NEWTON PRATT; ROBERT B. LICHFIELD; KARR FARNSWORTH; BRENT M. FACER,

        Defendants-Appellees.

_____

NADIA DOUBININ, for herself, and ALEX DOUBININ, a minor, by and through his Guardian Ad Litem, NADIA DOUBININ,

        Plaintiffs-Appellants,

v.

TEEN HELP, a partnership; WORLDWIDE ASSOCIATION OF SPECIALTY PROGRAMS, a corporation; RESOURCE REALIZATIONS, a corporation; R&B BILLING, a corporation; DIXIE CONTRACT SERVICES, a corporation; TEEN ESCORT SERVICES, a corporation; YOUTH PROGRAMS INTERNATIONAL, a corporation; KEN KAY; ROBERT B. LICHFIELD; KARR

No. 02-4177
(D.C. No. 2:00-CV-168-ST)
(D. Utah)

-2-

FARNSWORTH; BRENT M. FACER,

Defendants-Appellees.

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH**
**(D.C. Nos. 2:00-CV-85-ST, 2:98-CV-832-K, & 2:00-CV-168-ST)**

---

Submitted on the briefs:

Thomas M. Burton, West Jordan, Utah, for Plaintiffs-Appellants.

Fred R. Silvester and Spencer Siebers of Silvester & Conroy, L.C., Salt Lake City, Utah, for Defendants-Appellees.

---

Before **KELLY**, **ANDERSON**, and **O'BRIEN**, Circuit Judges.

---

**KELLY**, Circuit Judge.

---

We consider these three cases together because they are all based on similar facts, they all name substantially the same defendants, and the same attorney represents all plaintiffs. In each case, the respective plaintiffs' claims were dismissed by the district court and all plaintiffs appeal. Our jurisdiction arises from 28 U.S.C. § 1291 and we affirm the judgments entered in all three cases. [1]

---

[1] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs

(continued...)

**Background Facts**

Defendants operated residential facilities for treatment of teenagers with behavioral and other problems. Each of the parent-plaintiffs had a teenaged child who was placed in a facility. Plaintiffs claim that the children were abused there. The LaFleur and Doubinin plaintiffs aver that they had been deceived about the abusive treatment techniques prior to placing their children in defendants' facilities. The Goold plaintiffs charge that the minor Goold was transported against his will to a facility at the direction of his mother, from whom the senior Goold had to wrest custody in order to free his son.

The plaintiffs filed suit invoking diversity jurisdiction and alleging various causes of action based on the treatment of the teenaged plaintiffs. [2] The Goold and Doubinin cases were assigned to magistrate judges for pretrial proceedings, pursuant to 28 U.S.C. § 626(b)(1). Each case ultimately was dismissed.

**LaFleur v. Teen Help, No. 02-4160**

Plaintiff Debbie LaFleur, acting for herself and on behalf of her daughter Sara M. Gann, appeals the district court's order dismissing her case on the ground

---

[1](...continued)
without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). These cases are therefore ordered submitted without oral argument.

[2]     All of the plaintiffs who were teenagers when their causes of action arose attained their majority before or during the pendency of these lawsuits.

that she failed to engage local Utah counsel or to have her California attorney admitted pro hac vice in the Utah federal court. Ms. LaFleur also complains that the district court erred in dismissing her original complaint, but because we affirm the district court's decision to dismiss the case for her failure to obey the order to hire local counsel, we do not address her claim of error in the decision to dismiss her original complaint. We conclude that even if dismissing the original complaint was improper, the case properly was dismissed for an independent reason.

<u>Sanction of Dismissal</u>

The Utah Federal District Court Rules govern attorneys' admission to practice in that court. It is incumbent upon an attorney to obtain admittance to practice. DUCivR 83-1.1(a). A nonresident attorney may be admitted pro hac vice, but must associate local counsel. DUCivR 83-1.1(d) & (e). "The court, on its own initiative, may impose sanctions for violation of [the] civil rules," including dismissal where extraordinary circumstances are present. DUCivR 1-2. Moreover, federal district courts have the inherent power to manage their business "so as to achieve the orderly and expeditious disposition of cases." <u>Chambers v. NASCO, Inc.</u>, 501 U.S. 32, 43 (1991) (quotation omitted). Among these inherent powers is the ability to select an appropriate sanction. <u>Id.</u> at 44-45. "'We review a court's imposition of sanctions under its inherent power for abuse of

-5-

discretion.'" Martinez v. Roscoe, 100 F.3d 121, 123 (10th Cir. 1996) (quoting Chambers, 501 U.S. at 55). We review the district court's underlying findings of fact for clear error. See Dahl v. United States, 319 F.3d 1226, 1228-29 (10th Cir. 2003) (reviewing for clear error underlying facts of dismissal for lack of subject matter jurisdiction).

The district court found that Ms. LaFleur's attorney, Thomas M. Burton, was a resident of California. At a hearing on defendants' motion to dismiss, the district court asked Mr. Burton if he was a resident of Utah or California, to which Mr. Burton responded, "That's a difficult question. I spend most of my time in California. My residence is here." LaFleur App. at 187. When asked again, Mr. Burton said, "We rent here [in Utah], but I spend most of my time in California. That's my main office." Id. The district court tried one more time: "Mr. Burton, I asked you a question. I want to know are you a resident of California for purposes of this court or Utah?" Id. Mr. Burton's answer was, "I just tried to explain. I filed tax returns in both states." Id. Whereupon, the district court made the findings that Mr. Burton was a resident of California and Ms. LaFleur had not obtained local Utah counsel, in violation of the local rule and an earlier court order. Id. at 187-88. In addition to his statements at the hearing, Mr. Burton stated in a proof of service appended to his motion for reconsideration that he "reside[d] and [was] employed in Pleasanton, California." Id. at 142.

Based on this evidence, we conclude that the district court's finding that Mr. Burton was a resident of California was not clearly erroneous.

Ms. LaFleur was on notice as of May 18, 2001, that defendants challenged Mr. Burton's authority to practice in Utah. LaFleur App. at 103-04 (defendants' motion to strike first amended complaint and for sanctions). On December 17, 2001, the district court directed Ms. LaFleur and Mr. Burton to obtain local counsel within twenty days, or risk dismissal of the case. Id. at 128. Yet on July 3, 2002, they had not done so and, as a result, the case was dismissed. Id. at 190-91. In sum, Mr. Burton was found to be a resident of California, the district court's directive to obtain local counsel was quite clear, and Mr. Burton and his client had ample time to comply with the court's order. Under these circumstances, we find no abuse of discretion in the district court's choice of sanction.

Ms. LaFleur argues that other judges or magistrate judges in the Utah federal district court permitted Mr. Burton to represent plaintiffs in related cases against Teen Help. Therefore, she maintains that the doctrine of issue preclusion prevented the district judge in this case from finding that Mr. Burton was not authorized to practice in the Utah federal court. We reject this argument for two reasons. First, Ms. LaFleur's general claims are not supported by references to the record as required by Fed. R. App. P. 28 and 10th Cir. R. 28.2. We have

reviewed the appendices filed in three of the cases on which Ms. LaFleur relies, Doubinin , Dochterman ,[3] and Goold , but we decline to search the records for supporting references.   See United States v. Rodriguez-Aguirre   , 108 F.3d 1228, 1237 n.8 (10th Cir. 1997).  Ms. LaFleur's reference to an additional three unidentified companion cases is insufficient appellate argument.

Second, the doctrine of issue preclusion does not apply.  Under Utah law, four criteria must be met, one of which is that the issue in the prior case was "competently, fully, and fairly litigated."   Atiya v. Salt Lake County   , 988 F.2d 1013, 1019-20 (10th Cir. 1993) (citing    Madsen v. Borthick   , 769 P.2d 245, 250 (Utah 1988)).  We are presented with no evidence that the issue was fully and fairly litigated in another case, so we decline to apply the doctrine.  The district court's judgment is affirmed.

## Goold v. Teen Help, No. 02-4161

Plaintiffs Stanley Goold, Jr. and his son Stanley Goold, III (the Goolds), appeal the dismissal of their case as a sanction for failing to provide discovery. The basis of their complaint was that the younger Goold had suffered psychological injury due to his placement in defendants' facility, and the elder Goold had incurred substantial expenses in obtaining his son's release from the

---

[3]    Dochterman v. Res. Realizations    , No. 01-4247, 56 Fed. Appx. 455 (10th Cir. 2003) (unpublished).

facility, as well as psychological injuries of his own. Defendants filed discovery requests for the son's psychological and school records and for the father's documentation of his expenses and injuries. In February 2000, the Goolds responded by saying the records were being compiled. Goold App. at e.g., 75, 124, 140. The magistrate judge held a hearing on November 21, 2000, on defendants' motion to exclude expert witnesses because the Goolds had not produced the necessary reports of their proposed experts or the documentation on which the reports were to be based, which was the same documentation defendants had requested. The magistrate judge extended the deadline for filing expert witness reports and imposed a sanction of $750 on the Goolds for requiring defendants to bring the motion. Thereafter, defendants filed a motion to compel production of the psychological, financial, and school records. The magistrate judge held another hearing on February 1, 2001, and ordered the documents to be produced by February 14, 2001. Goold App. at 391. The magistrate judge also imposed another monetary sanction against the Goolds and their attorney for failure to cooperate with discovery, this time for $500. Id. at 309, 394. The discovery was not produced by the deadline, or ever. On June 25, 2001, the magistrate judge recommended that the action be dismissed due to the Goolds' willful failure to comply with the discovery order. Id. at 364-65. The district

court adopted the recommendation and dismissed the case with prejudice.  Id. at 379-80.

The Goolds appeal, claiming (1) the district court abused its discretion in dismissing their case, (2) dismissal was not warranted because defendants failed to satisfy the meet-and-confer requirement, and (3) the magistrate judge improperly granted defendants' request for a protective order.

Dismissal as Discovery Sanction

"A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules."  Reed v. Bennett, 312 F.3d 1190, 1195 (10th Cir. 2002).  The court's discretion includes dismissing a case for discovery violations.  Archibeque v. Atchison, Topeka & Santa Fe Ry. Co., 70 F.3d 1172, 1174 (10th Cir. 1995). Dismissal is a severe sanction; therefore, it should be imposed only if a "lesser sanction would not serve the ends of justice."  Reed, 312 F.3d at 1195 (quotation omitted).  The district court should consider the following factors when considering whether dismissal is an appropriate sanction:  (1) the degree of actual prejudice to the opposing party, (2) the degree of interference with the judicial process, (3) the litigant's culpability, (4) whether the litigant was warned in advance that dismissal was a likely sanction, and (5) whether a lesser sanction

would be effective.    Gripe v. City of Enid  , 312 F.3d 1184, 1188 (10th Cir. 2002)

(citing  Ehrenhaus v. Reynolds   , 965 F.2d 916, 921 (10th Cir. 1992)).

The Goolds complain that dismissal was too severe a sanction for "a minor

discovery default." Opening Br. at 8.  They also aver that the district court failed

to consider the factors listed above.  We first reject the Goolds' characterization

of their discovery abuses as a minor default.  The documentation requested was

central to their claims and either within their possession or available upon their

authorization.

Contrary to the Goolds' claim, the record reflects that the magistrate judge

and the district judge considered the appropriate factors.  For the first factor, the

district court found specifically that defendants were prejudiced by the Goolds'

repeated discovery abuses.  Goold App. at 379.  The second factor–interference

with the judicial process–was also considered specifically when the magistrate

judge stated that the court had "made every effort to allow [the Goolds] to make

discovery," to no avail.  Goold App. at 365.  In addition, the magistrate judge

held hearings in a futile attempt to accomplish discovery, which interfered with

the court's ability to manage its case load, wasted judicial resources, and caused

unnecessary expense to the opposing parties.    See Jones v. Thompson   , 996 F.2d

261, 265 (10th Cir. 1993) (finding interference with judicial process where

plaintiffs "repeatedly ignored court orders and thereby hindered the court's

-11-

management of its docket and its efforts to avoid unnecessary burdens on the court and the opposing party").

The third factor is the litigants' culpability. The magistrate judge considered this factor on the record: "it appears [the Goolds'] failure to comply with the motion to compel was willful." Goold App. at 365. This conclusion was based on the finding that over fourteen months elapsed during which the Goolds did nothing to pursue their case. Id. at 364. Moreover, this court has held that, where the district court considered this factor on the record, the client was liable for the acts and omissions of his counsel. Gripe, 312 F.3d at 1189. ("There is certainly no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client.") (quotation omitted).

Factors four and five–advance warning and efficacy of lesser sanctions–are clearly met. The magistrate judge warned that "[a]ny failure of [the Goolds] to fully comply with the demands and deadlines [as ordered] will be considered grounds for a recommendation of dismissal of this action in its entirety. . . ." Goold App. at 310. Finally, having tried the lesser sanctions of limiting the Goolds' expert witnesses due to their failure to provide the necessary reports and imposing monetary sanctions, the magistrate judge's implicit conclusion that lesser sanctions would not be effective was reasonable. See id. at 363. The

-12-

magistrate judge and the district court considered the factors listed above and their findings are supported by the record. Accordingly, the district court acted within its discretion in dismissing the case.

### Meet-and-Confer Requirement

The Goolds contend that the district court improperly dismissed their case because defense counsel had not complied with Fed. R. Civ. P. 37(a)(2)(B) by meeting and conferring with plaintiffs' attorney. Rule 37(a)(2)(B) requires a good-faith conference or attempt to confer "in an effort to secure the information or material without court action." In fact, the attorneys met in person for this purpose following a hearing. The next day, defense counsel sent a written clarification of the discovery he was requesting. Neither the Goolds nor their attorney responded. Under these circumstances, we hold that defendants complied with Rule 37(a)(2)(B).

### Protective Order

The Goolds also claim that the magistrate judge improperly granted defendants' request for a protective order to postpone depositions of defendants' witnesses until the motion to dismiss was resolved. We review a discovery protective order for an abuse of discretion. Harris Mkt. Research v. Marshall Mktg. & Communications, Inc., 948 F.2d 1518, 1526 (10th Cir. 1991).

The Goolds assert that the court gave no reason for the protective order and that they were prejudiced because they were not allowed to develop evidence. They also complain that they were precluded from pursuing discovery, yet criticized and sanctioned for not moving the case forward for fourteen months. None of these claims is supported by the record. Although the Goolds aver that the magistrate judge gave no reason, in fact, he did state the reason for the protective order: if the motion to dismiss were granted, the depositions would be unnecessary. Goold App. at 407-08. Moreover, the Goolds do not argue that discovery would have assisted them to resist the motion to dismiss. We conclude that the magistrate judge did not abuse his discretion in staying further discovery pending a ruling on the dismissal motion. The district court's judgment is affirmed.

**Doubinin v. Teen Help, No. 02-4177**

Plaintiff Nadia Doubinin, acting for herself and on behalf of her son Alex Doubinin, appeals the district court's order denying her post-judgment motion to reconsider the judgment of dismissal. On April 13, 2000, the district court granted defendants' unopposed motion to dismiss some claims and for a more definite statement on others. More than one year later, Ms. Doubinin filed her first amended complaint, which defendants moved to strike. The court granted the motion, dismissed the complaint, and entered judgment in favor of defendants.

Ms. Doubinin then filed a motion for reconsideration.  The district court correctly construed the motion as one filed pursuant to Fed. R. Civ. P. 60(b)(6) because it was filed more than ten days after the judgment was entered.       Hatfield v. Bd. of County Comm'rs for Converse County  , 52 F.3d 858, 861 (10th Cir. 1995).  The motion was denied.  Ms. Doubinin appeals, claiming the district court was without jurisdiction to dismiss the case, and also arguing that the district court erred in doing so.

Jurisdiction

We first consider Ms. Doubinin's jurisdictional challenge.  She asserts that the district court did not have jurisdiction to dismiss her complaint because, in doing so, it violated Rules 12 and 15 of the Federal Rules of Civil Procedure.  "A judgment is not void merely because it is or may be erroneous."       V.T.A., Inc. v. Airco, Inc.  , 597 F.2d 220, 224 (10th Cir. 1979).  Ms. Doubinin's argument, based on her claim that the district court erroneously applied the rules, does not implicate the court's jurisdiction, which is the "power to adjudicate the case." Steel Co. v. Citizens for a Better Env't   , 523 U.S. 83, 89 (1998).

Post-Judgment Relief

We turn to Ms. Doubinin's claim that she is entitled to relief from the judgment striking her amended complaint and dismissing the action.  We review the district court's decision to deny a Rule 60(b)(6) post-judgment motion for an

abuse of discretion, keeping in mind that "such relief 'is extraordinary and may only be granted in exceptional circumstances.'" Amoco Oil Co. v. U. S. EPA, 231 F.3d 694, 697 (10th Cir. 2000) (quoting Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co., 909 F.2d 1437, 1440 (10th Cir. 1990)). A plaintiff must overcome a higher hurdle to obtain relief from a post-judgment motion than on direct appeal from a judgment. Bud Brooks Trucking, Inc., 909 F.2d at 1439-40.

Ms. Doubinin's opening brief lists seven grounds for reversal, but the brief provides argument and authority for only three of them, in addition to the jurisdictional challenge addressed above. The claims not supported by argument will not be considered. This court "will not craft a party's arguments for [her]." Perry v. Woodward, 199 F.3d 1126, 1141 n.13 (10th Cir. 1999).

In the first of her appellate arguments, Ms. Doubinin points to errors in the district court's order dismissing her original complaint, a different order than the one under review. Our review of the district court's decision on the post-judgment motion does not include the underlying judgment or prejudgment orders. See Amoco Oil Co., 231 F.3d at 697. Consequently, we do not consider this claim.

Next, Ms. Doubinin claims the district court improperly overruled the magistrate judge's previous finding that the amended complaint was filed timely,

when, in fact, the magistrate judge ruled only that leave of court was not required. This argument is therefore without foundation.

Her final argument is that the first amended complaint was filed timely, so she is entitled to relief. We need not address the timeliness issue because Ms. Doubinin does not challenge the district court's determination that allowing the case to proceed under the first amended complaint would have been futile. The court found that the first amended complaint was in material aspects the same as the original complaint. Because the first amended complaint did not cure the deficiencies of the original complaint, the district court appropriately held that, even if it had been filed before the case was dismissed, allowing it to be filed would have been futile. See Scott v. Hern, 216 F.3d 897, 906 (10th Cir. 2000) ("If the proffered amendments fail to cure the deficiencies of the original complaint or if the newly asserted claims would be futile, denial of a motion to amend is appropriate.").

In sum, Ms. Doubinin has not presented the requisite extraordinary circumstances to entitle her to relief. Accordingly, the district court's judgment is affirmed.

**Reminder to Counsel**

Mr. Burton is reminded of his obligations under 10th Cir. R. 46.5(B)(2) and (3), which provide that presenting a brief to the court constitutes an attorney's

certification that "the issues presented are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or establishing new law" and that "the factual contentions or denials are supported in the record."

## Conclusion

In each case addressed herein, the judgment of the district court is AFFIRMED.