**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 2 2003**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

MARJORIE A. CREAMER,

Plaintiff-Appellant,

v.

LAIDLAW TRANSIT, INC.,

Defendant-Appellee.

No. 03-1019
(D.C. No. 92-S-1673)
(D. Colo.)

---

ORDER AND JUDGMENT *

---

Before **MURPHY** and **PORFILIO** , Circuit Judges, and **BRORBY** , Senior Circuit Judge.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

In August 1992, plaintiff-appellant Marjorie Creamer filed a complaint against her employer, Laidlaw Transit, Inc., alleging hostile work environment sexual harassment in violation of Title VII of the 1964 Civil Rights Act. This court affirmed the district court's judgment in favor of the defendant. *Creamer v. Laidlaw Transit, Inc.,* 86 F.3d 167, 172 (10th Cir. 1996). More than six years after this court's affirmance of the underlying judgment, Ms. Creamer filed a pro se motion in the district court styled "Plaintiff's Motion to Reopen with Additional Documents to Support and Add to the Archives." The district court denied Ms. Creamer's motion, and this appeal followed. We affirm.

We construe Ms. Creamer's motion as one filed under Fed. R. Civ. P. 60(b)(6) and review its denial for abuse of discretion, *see LaFleur v. Teen Help*, Nos. 02-4160, 02-4161, 02-4177, 2003 WL 22052834, at *6 (10th Cir. Sept. 3, 2003).[1] Relief under Rule 60(b)(6) "is appropriate only when it offends justice to deny such relief. The denial of a 60(b)(6) motion will be reversed only if we find a complete absence of a reasonable basis and are certain that the decision is wrong." *Yapp v. Excel Corp.*, 186 F.3d 1222, 1232 (10th Cir. 1999) (quotations and citations omitted).

---

[1]     Ms. Creamer's motion was untimely if she intended to file pursuant to Rules 60(b)(1), (b)(2), or (b)(3) because those motions must be made no more than one year after the judgment. Rules 60(b)(4) and (b)(5) do not apply here.

Ms. Creamer's motion in the district court requested that the underlying case be reopened and that certain documents be added to the record.  On appeal from the denial of that motion, Ms. Creamer reargues the facts of her case, contends that testimony from other employees should have been admitted at trial, claims that her attorney had a conflict of interest because he represented one of those employees in a later suit against Laidlaw, and charges the trial judge with bias and criminal libel.

As noted above, we have already affirmed the district court's judgment against Ms. Creamer on the merits of her claim against Laidlaw.        *See Creamer*, 86 F.3d at 172.  In doing so, we rejected Ms. Creamer's argument that a Ms. Danford should have been allowed to testify.       *Id.* at 171.  Any argument regarding another potential witness could presumably have been raised on direct appeal.  Ms. Creamer's untimely contention now falls far short of the exceptional circumstance required for relief under Rule 60(b)(6).  Because there is no showing as to how this potential witness's testimony would have changed the outcome of her case, Ms. Creamer's charges of attorney conflict similarly fail to support the right to such relief.  Ms. Creamer did not raise the issue of judicial bias or libel in the motion to the district court.  We will thus not address it on appeal.  *See Walker v. Mather (In re Walker)*    , 959 F.2d 894, 896 (10th Cir. 1992).

We find no abuse of discretion in the district court's denial of Ms. Creamer's Rule 60(b)(6) motion. The judgment of the district court is therefore AFFIRMED. Ms. Creamer's motion for leave to proceed without prepayment of costs or fees, as well as her motions for sanctions and for oral argument are DENIED.

Entered for the Court

Michael R. Murphy
Circuit Judge