**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 12 2005**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

WEI-KANG ZHOU, Dr.,

      Plaintiff-Appellant,

v.

SOUTHERN UTAH UNIVERSITY,

      Defendant-Appellee,

    and

STEVEN D. BENNION, President;
D. RAY ROUTZEL, Provost;
CHARLES L. METTEN, Dean of
Performing and Visual Arts; BART
SHANKLIN, Music Department Chair,

      Defendants.

No. 04-4112
(D.C. No. 2:01-CV-474-S)
(D. Utah)

ORDER AND JUDGMENT  *

Before **EBEL**, **BALDOCK**, and **KELLY**, Circuit Judges.

---

\*    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

This appeal arises from a suit filed by Appellant Wei-Kang Zhou alleging discrimination and breach of contract by his former employer, Southern Utah University. The district court granted summary judgment in favor of the University. Nearly one year later, Zhou moved for relief from the judgment pursuant to Fed. R. Civ. P. 60(b). The district court denied this motion. We affirm.

I.

According to the allegations in his amended complaint, Zhou is a Chinese-born American citizen. In August 2000, he was hired by the University as an assistant professor of music, with responsibility for directing the school orchestra as well as teaching classes. The term of his employment contract was one academic year, subject to renewal.

When Zhou began working for the University, the chair of the music department, Bart Shanklin, promptly deprived him of an assignment that would have allowed him to earn extra pay. Shanklin also assigned evaluators to observe Zhou, allegedly in response to a student complaint. White faculty members were

-2-

not subjected to the same treatment. When Zhou complained that he was being treated unfairly, Shanklin recharacterized the "evaluation" as an "adjudication." R., Doc. 28 at 4 (quotations omitted). In February 2001, the University advised Zhou that it would not renew his contract because he had received poor performance reviews.

After Zhou received the non-renewal letter, Shanklin's mistreatment of Zhou escalated. Ultimately, Zhou alleges, Shanklin falsely accused Zhou of attempting to disrupt a recital in May 2001, resulting in Zhou being arrested by the campus police; in response to this incident, the University suspended Zhou with pay for the final five days of his contract.

Zhou sued. As amended, his complaint alleged that (i) the University discriminated against Zhou based on national origin when it refused to renew his contract; (ii) the University unlawfully retaliated against Zhou for complaining about the discrimination he experienced; (iii) Shanklin harassed Zhou based on his ethnicity; and (iv) the University breached its employment contract with Zhou. After discovery, the University moved for summary judgment. The district court granted this motion on May 7, 2003, ruling that (i) Zhou could not succeed on his discrimination claim because he failed to rebut the University's assertion that it declined to renew Zhou's contract based on poor job performance, as reflected in the negative evaluations by his peers; (ii) the University did not engage in any act

constituting an adverse employment action after Zhou first engaged in protected conduct, and Zhou therefore could not prevail on his retaliation claim; (iii) Zhou did not present any evidence of racial or ethnic animus to support his harassment claim; and (iv) the University complied with all terms of its contract with Zhou. Zhou appealed from this judgment, but his notice of appeal was untimely and his appeal was therefore dismissed.

On May 6, 2004, Zhou filed his Rule 60(b) motion, which made the following contentions:

(1)     The University's assertion that it declined to renew Zhou's contract based on poor job performance was contradicted by Zhou's colleague's sworn declaration that the signature on his evaluation was forged and by expert testimony stating that Zhou performed well in the concerts they viewed on videotape. To the extent that the University presented false reasons to justify its refusal to renew Zhou's contract, this gives rise to an inference of discriminatory animus that supports both Zhou's discrimination claim and his harassment claim.

(2)     The fact that Shanklin made a false report for the purpose of having Zhou arrested supports Zhou's discrimination, retaliation, and harassment claims.

(3)     The district court made two errors in rejecting Zhou's retaliation claim. First, it found that Zhou first complained about discrimination in March 2001, when in fact his first complaint was aired in October 2000. Second, the University responded with numerous adverse employment actions that began in October 2000 and continued beyond March 2001.

(4)     The University violated the letter and spirit of its contract with Zhou, and engaged in bad faith, by subjecting Zhou to an

> unfair evaluation process and producing fraudulent documents
> to justify its refusal to renew Zhou's contract.

The district court summarily denied this motion.  This appeal followed.

## II.

Rule 60(b) permits a district court to vacate or modify its judgment on any of the following grounds:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Relief under Rule 60(b) "is extraordinary and may only be granted in exceptional circumstances."  LaFleur v. Teen Help, 342 F.3d 1145, 1153 (10th Cir. 2003) (quotations omitted).  Thus, "[a] plaintiff must overcome a higher hurdle to obtain relief from a post-judgment motion than on direct appeal from a judgment."  Id. We review a decision denying a Rule 60(b) motion for abuse of discretion, and we will reverse such a decision "only if we find a complete absence of a reasonable basis and are  certain  that the decision is wrong."  Middle Rio Grande Conservancy Dist. v. Norton , 294 F.3d 1220, 1225 (10th Cir. 2002) (alteration and quotation omitted).

Having examined the briefs and relevant portions of the record, we conclude that the district court did not abuse its discretion in denying Zhou's Rule 60(b) motion. We further find no abuse of discretion in the court's refusal to conduct a hearing on Zhou's motion. See Anderson v. Dep't of Health & Human Servs. , 907 F.2d 936, 952 (10th Cir. 1990). Accordingly, we AFFIRM the judgment of the district court.

Entered for the Court

Bobby R. Baldock
Circuit Judge