**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 27, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

KHALID MOHAMMAD,

     Plaintiff - Appellant,

v.

ALBUQUERQUE POLICE
DEPARTMENT,

     Defendant - Appellee.

No. 17-2080
(D.C. No. 1:17-CV-00319-RB-KBM)
(D.N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **HARTZ**, and **BACHARACH**, Circuit Judges.
_____

This action grew out of an arrest and detention in Albuquerque, New

Mexico. The arrestee, Mr. Khalid Mohammad, sued the Albuquerque Police

Department, invoking 42 U.S.C. § 1983 and the New Mexico Tort Claims

Act, N.M. Stat. Ann. § 41-4-12. The district court dismissed the complaint

without prejudice, and we affirm.

---

[*]    Oral argument would not be helpful in this appeal. As a result, we
are deciding the appeal based on the briefs. *See* Fed. R. App. P. 34(a)(2);
10th Cir. R. 34.1(G).

    This order and judgment does not constitute binding precedent except
under the doctrines of law of the case, res judicata, and collateral estoppel.
But the order and judgment may be cited for its persuasive value under
Fed. R. App. P. 32.1(a) and 10th Cir. R. 32.1(A).

## I.    Standard of Review

"We review de novo the dismissal of a complaint for failure to state a claim . . . ." *Childs v. Miller*, 713 F.3d 1262, 1264 (10th Cir. 2013).

## II.    The Albuquerque Police Department is not a "person" under 42 U.S.C. § 1983.

Mr. Mohammad invokes 42 U.S.C. § 1983, which covers "person[s]." 42 U.S.C. § 1983. But the Albuquerque Police Department is not a "person" under § 1983. *See, e.g.*, *Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985) (holding that the City of Denver Police Department "is not a separate suable entity"), *modified on other grounds*, 778 F.2d 553 (10th Cir. 1985), *vacated on other grounds sub nom. Tyus v. Martinez*, 475 U.S. 1138 (1986). Thus, the police department cannot incur liability under § 1983 and this claim was properly dismissed.

## III.    Mr. Mohammad failed to challenge the district court's holding on notice with respect to the claim under the New Mexico Tort Claims Act.

Mr. Mohammad also sued under the New Mexico Tort Claims Act. The district court dismissed this claim on grounds that the Albuquerque Police Department was not a suable entity and that Mr. Mohammad had failed to provide statutory notice under N.M. Stat. Ann. § 41-4-16(A).

Mr. Mohammad challenges the district court's holding on whether the police department was a suable entity, but he does not challenge the district court's alternative holding on the issue of statutory notice. And

"[w]hen a district court dismisses a claim on two or more independent grounds, the appellant must challenge each of those grounds." *Lebahn v. Nat'l Farmers Union Unif. Pension Plan*, 828 F.3d 1180, 1188 (10th Cir. 2016). The failure to appeal the holding on notice is fatal. *See id.* (affirming because the appellants did not challenge one of the district court's two reasons for a ruling).

**IV.  The district court did not err in ruling on the police department's motion to dismiss without ruling on Mr. Mohammad's discovery motion.**

Mr. Mohammad contends that the district court should have ruled on his discovery motion before dismissing the complaint. After the police department filed a motion to dismiss, Mr. Mohammad moved for an order seeking free service of a subpoena. At that point, the district court could rule on either the discovery motion or the motion to dismiss. *Cf. LaFleur v. Teen Help*, 342 F.3d 1145, 1153 (10th Cir. 2003) (approving the magistrate judge's stay of discovery until after a motion to dismiss was decided because any discovery would become unnecessary if the motion to dismiss were granted). The court chose to rule on the motion to dismiss first, rendering the discovery motion moot. The court did not err in ruling on the motion to dismiss before the discovery motion.

3

## V.    Disposition

For the foregoing reasons, we affirm.

Entered for the Court


Robert E. Bacharach
Circuit Judge

4