**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

**December 2, 2021**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

NELDON P. JOHNSON,

    Defendant - Appellant,

and

INTERNATIONAL AUTOMATED
SYSTEMS INC.; LTB1; RAPOWER-3,
LLC; R. GREGORY SHEPARD,

    Defendants.

No. 21-4015
(D.C. No. 2:15-CV-00828-DN-EJF)
(D. Utah)

_____

### ORDER AND JUDGMENT[*]
_____

Before **TYMKOVICH**, Chief Judge, **MORITZ**, and **ROSSMAN**, Circuit Judges.
_____

Neldon P. Johnson appeals pro se from a District Court order denying his motion

to set aside a judgment enjoining him and the other defendants from promoting an

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

abusive tax scheme and requiring disgorgement of the gross receipts from that scheme.

Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## BACKGROUND

A detailed factual recitation of this case appears in *United States v. RaPower-3, LLC*, 343 F. Supp. 3d 1115 (D. Utah 2018), *aff'd*, 960 F.3d 1240 (10th Cir. 2020). For purposes of this appeal, we need recount only the following.

Johnson is the claimed inventor of a purportedly new solar-energy technology. He sold lenses—framed plastic sheets intended to focus solar radiation onto a receiver containing a heat-transfer fluid—to customers by representing that the purchases could negate federal income-tax liabilities. The lenses were installed on towers near Delta, Utah. Customers could also sell lenses, using a network-marketing approach through one of Johnson's companies, defendant RaPower-3. In total, the defendants received over $50 million in lens orders. But Johnson's technology was never connected to an electrical grid and there were no records showing that it ever generated electricity.

In 2015, the federal government sued Johnson and the other defendants for promoting an abusive tax shelter. *See* 26 U.S.C. § 7408 (authorizing a civil action to enjoin conduct specified in 26 U.S.C. § 6700); *id.* § 6700(a) (penalizing "the sale of any interest in an entity or plan or arrangement" made in conjunction with a false or fraudulent statement concerning "the allowability of any deduction or credit"). After a twelve-day bench trial, the District Court found "that the solar lenses were a smokescreen for . . . unlawful 'sales' of tax deductions and credits to customers," and that "customers'

2

'lens leasing' businesses were not bona fide and ongoing businesses." *RaPower-3, LLC*, 343 F. Supp. 3d at 1182-83.

The District Court entered judgment, enjoining the defendants from, among other things, marketing lenses without the following disclosure:  "THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH . . . has determined that the solar energy technology of RaPower-3 in place from 2005 to 2018 is without scientific validation or substance and ineligible for tax credits or depreciation by individual purchasers of lenses." *Id.* at 1197-98.  The court also found Johnson and other defendants jointly and severally liable for the disgorgement of $50,025,480, the value of gross lens sales.  In determining that amount, the District Court declined to "allow[ ] any credit of operating expenses" because those expenses were incurred during the commission of a fraud.  *Id.* at 1196.

Johnson and his business-entity co-defendants filed a counseled Rule 60(b) motion to set aside the judgment due to newly discovered evidence and fraud.  Counsel argued that the government had misled the District Court because, during a January 2020 Tax Court trial involving a lens purchaser, the government purportedly changed its position on whether Johnson's technology qualified for a tax credit as "solar energy property." R., Vol. I at 290, 296.  Specifically, the government conceded "that the lenses do produce heat, and that heat, in some systems, can be then used to generate electricity." *Id.* at 292, 293.  Further, the government's expert witness, Dr. Thomas Mancini, despite testifying in the § 7408 case that Johnson's technology "will never be a commercial system or will ever produce electricity or any other useable form of energy," opined in the Tax Court

3

case that "if you got the right team on it, and you really invested the money in it, you could probably make something that would generate electricity using the concept as it stands." *Id.* at 294, 296. While the Rule 60(b) motion was pending, this court affirmed the District Court's judgment, *see United States v. RaPower-3, LLC*, 960 F.3d 1240 (10th Cir. 2020), and denied rehearing.

The District Court denied the Rule 60(b) motion as moot when counsel sought to withdraw to avoid Rule 11 sanctions threatened by the government. Johnson soon appeared pro se, however, and filed his own 60(b) motion to set aside the judgment. He reproduced the arguments in the counseled 60(b) motion and challenged the District Court's disgorgement order in light of *Liu v. SEC*, 140 S. Ct. 1936, 1950 (2020) (holding that "courts must deduct legitimate expenses before ordering disgorgement," unless those expenses are "wholly fraudulent").

The District Court ultimately revisited the counseled Rule 60(b) motion after the government formally sought Rule 11 sanctions. The court determined that the counseled 60(b) motion was "without merit," as "the alleged concessions and contradictions are exaggerated, to say the least." R., Vol. V at 27. But the court also found that the motion was "not so devoid of factual or legal support as to warrant the imposition of sanctions," given that Dr. Mancini's Tax Court testimony was "somewhat at odds with his testimony" in the § 7408 case. *Id.* at 28 (internal quotation marks omitted).

Finally, in January 2021, the District Court denied Johnson's pro se 60(b) motion. To the extent the motion repeated counsel's 60(b) arguments, the District Court simply referenced its order denying sanctions. To the extent Johnson's pro se motion asserted

4

that a gross-receipts disgorgement violates *Liu*, the District Court relied on this court's order denying rehearing, which had rejected a similar argument.

Johnson now appeals the denial of his pro se 60(b) motion.

## DISCUSSION
### I.  Standards of Review

"Relief under Rule 60(b) is warranted only in exceptional circumstances, and a [party] must overcome a higher hurdle to obtain relief from a post-judgment motion than on direct appeal from a judgment." *Dronsejko v. Thornton*, 632 F.3d 658, 670 (10th Cir. 2011) (brackets and internal quotation marks omitted).  Accordingly, we review a District Court's denial of a Rule 60(b) motion for an abuse of discretion, reversing only if we find "a complete absence of a reasonable basis and [are] certain that the decision is wrong." *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1289 (10th Cir. 2005) (ellipsis and internal quotation marks omitted).

We liberally construe Johnson's pro se filings, but we do not "take on the responsibility of serving as [his] attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

### II.  Newly Discovered Evidence

A party relying on newly discovered evidence to set aside a judgment must show:

> (1) the evidence was newly discovered since the trial; (2) the moving party was diligent in discovering the new evidence; (3) the newly discovered evidence was not merely cumulative or impeaching; (4) the newly discovered evidence is material; and (5) that a new trial with the newly discovered evidence would probably produce a different result.

*Dronsejko*, 632 F.3d at 670 (brackets and internal quotation marks omitted).

5

The District Court determined that Johnson had not proffered newly discovered evidence that was likely to change the result at trial, as Dr. Mancini's Tax Court testimony was "somewhat at odds" with his prior testimony, but not contradictory. Indeed, while Dr. Mancini testified in the § 7408 case that Johnson's technology would "never" be commercially viable, his Tax Court testimony was simply that an influx of the "right" personnel and more money "could probably make something that would generate electricity." R., Vol. I at 294, 296. At most, Dr. Mancini's Tax Court testimony could serve as impeachment evidence at a new trial. But his testimony did not contradict his § 7408 testimony that Johnson's technology did not qualify as solar energy property, which is material to tax-credit eligibility. *See* 26 C.F.R. § 1.48-9(d)(1) (defining solar energy property as "equipment and materials (and parts related to the functioning of such equipment) that use solar energy directly to (i) generate electricity, (ii) heat or cool a building or structure, or (iii) provide hot water for use within a building or structure"); *id.* § 1.48-9(a)(2) (providing that an asset is not solar energy property unless it is subject to a business-depreciation deduction, which in turn requires being "placed in service," *id.* § 1.167(a)-10(b)). Johnson's conclusory assertion "that the product in question is now known to be Solar Energy Property," Aplt. Opening Br. at 2, misreads Dr. Mancini's Tax Court testimony.

We conclude that the District Court did not abuse its discretion in declining to set aside the judgment based on Dr. Mancini's testimony.

6

### III. Fraud

"Fraud between the parties and fraud on the court are two distinct bases for post-judgment relief." *Zurich N. Am.*, 426 F.3d at 1291. To prevail on a fraud-between-the-parties theory, the moving party "must show clear and convincing proof of fraud" that "substantially . . . interfered with the . . . ability fully and fairly to prepare for and proceed at trial." *Id.* at 1290 (emphasis and internal quotation marks omitted). In contrast, fraud on the court involves "only the most egregious conduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated." *Id.* at 1291 (internal quotation marks omitted).

The District Court found no evidence that the government's counsel had engaged in either type of fraud during the § 7408 case, and we conclude the District Court did not abuse its discretion. In particular, the government's counsel conceded in the Tax Court case merely that the lenses could produce heat, and if connected to "[s]ome system somewhere," they could potentially produce electricity. R., Vol. I at 291. Johnson did not explain in the District Court how that concession would have had any effect in the § 7408 case, and he offers no clarity on appeal. Nor does he show how the concession demonstrates egregious conduct in the § 7408 case that rises to the level of fraud on the court. We do "not consider issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation." *Armstrong v. The Arcanum Grp., Inc.*, 897 F.3d 1283, 1291 (10th Cir. 2018) (ellipsis and internal quotation marks omitted). "[G]eneralized assertion[s] of error, with[out] citations to supporting authority," are

7

insufficient to perfect appellate review of an issue. *Garrett*, 425 F.3d at 841 (internal

quotation marks omitted).[1]

## CONCLUSION

We affirm the District Court's order denying Rule 60(b) relief.

Entered for the Court


Nancy L. Moritz
Circuit Judge

---

[1] To the extent Johnson asserts that the government's concession in the Tax Court case and Dr. Mancini's testimony there somehow deprived the District Court of jurisdiction to enter a judgment, he is mistaken. Jurisdiction in the District Court vested under § 7408, resulting in a judgment affirmed on direct appeal.

Further, "an appeal from [the] denial of Rule 60(b) relief does not bring up the underlying judgment for review." *Browder v. Dir., Dep't of Corr.*, 434 U.S. 257, 263 n.7 (1978). Thus, our review of the District Court's "decision on the post-judgment motion does not include [Johnson's challenges in his appellate briefs to] the underlying judgment." *LaFleur v. Teen Help*, 342 F.3d 1145, 1153-54 (10th Cir. 2003).

Finally, Johnson does not address the District Court's rejection of his argument that a gross-receipts disgorgement violates *Liu*. "The failure to raise an issue in an opening brief waives that issue." *Anderson v. U.S. Dep't of Lab.*, 422 F.3d 1155, 1174 (10th Cir. 2005).